JS 44
(Rev. 07/89)

# #114275

## CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

### I. (a) PLAINTIFFS

Ramiro Sayes-Aguirre

### DEFENDANTS

E.M. Tromunski, INS District Director

B-00-150

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF  Cameron
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED

United States District Court
Southern District of Texas
FILED

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Lisa Brodyaga, Attorney
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, Texas 78586
956-421-3226

ATTORNEYS (IF KNOWN) Lisa Putnam

PO Box 1711

Harlingen, Tx 78551

OCT 0 2 2000

Michael N. Milby
Clerk of Court

### II. BASIS OF JURISDICTION (PLACE AN × IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

### III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN × IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

### IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)

28 USC § 2241   Habeas to review final deportation order

### V. NATURE OF SUIT (PLACE AN × IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury— Med Malpractice | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury— Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 630 Liquor Laws | **PROPERTY RIGHTS** | ☐ 450 Commerce/ICC Rates/etc |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | ☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | **PERSONAL PROPERTY** | ☐ 650 Airline Regs | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 370 Other Fraud | ☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 690 Other | **SOCIAL SECURITY** | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | **LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | ☒ 530 General | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 535 Death Penalty | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 540 Mandamus & Other | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 550 Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | | | | |

### VI. ORIGIN (PLACE AN × IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

### VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A **CLASS ACTION**
☐ UNDER F.R.C.P. 23

DEMAND $ _____

Check YES only if demanded in complaint:
**JURY DEMAND:** ☐ YES ☐ NO

### VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____   DOCKET NUMBER _____

DATE _____

SIGNATURE OF ATTORNEY OF RECORD _____

UNITED STATES DISTRICT COURT

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

```
··· District Court
···rict of Texas
United States District Court
Southern District of Texas
     ··FILED
OCT 0 2 2000
      ··illby
Michael N. Milby
Clerk of Court
```

RAMIRO SAYAS-AGUIRRE,                )
                                     )
v.                                   )     C.A. No.
                                     )
E.M. TROMINSKI, INS DISTRICT         )   **B-00 -150**
     DIRECTOR                        )
_____  )

### PETITION FOR WRIT OF HABEAS CORPUS

Comes Ramiro Sayas-Aguirre, by and through the undersigned, and, pursuant to 28 U.S.C. §2241(c)(1) and (c)(3), files the instant Petition for Writ of Habeas Corpus, seeking relief from the Decision of the Board of Immigration Appeals, (the "BIA"), dated June 28, 2000, (Petitioner's Exhibit A, herein incorporated by reference), ordering that he be deported to Mexico.

### I.   THE FACTS AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Mexico who has resided in the United States as a lawful permanent resident since September 15, 1970.   In 1987, he was convicted of possession, with intent to distribute, some 61 pounds of marijuana, as a result of which he was given two years probation. He was subsequently placed in deportation proceedings, in which he applied for §212(c) relief. However, as a result of a misunderstanding by prior counsel, Mr. Sayas was not informed of the date of the hearing on the merits of his application for §212(c) relief, and was ordered deported by the Immigration Judge.   Mr. Sayas sought reopening on the grounds of ineffective assistance of counsel, which motion was also denied by the Immigration Judge.   He appealed that denial, and on June 28, 2000, the BIA dismissed his appeal.   The Board noted therein that

CSMPDF - www.csmpdf.com

Mr. Sayas had fulfilled the prerequisites of reopening as imposed by *Matter of Lozada,* 19 I&N Dec. 637 (BIA 1988). However, because of the enactment during the pendency of his appeal of the Antiterrorism and Effective Death Penalty Act, the Board dismissed his appeal, reasoning that he was not prejudiced by his attorney's error, because he was no longer eligible for §212(c) relief. [1]

Mr. Sayas is currently under a "bag and baggage" order that he report for deportation on October 11, 2000. (Petitioner's Exhibit B, herein incorporated by reference).

## II.   THE CAUSES OF ACTION

---

[1]    In so doing, the Board cited *Requena-Rodriguez v. Pasquarell,* 190 F.3d 299 (5th Cir. 1999), holding that AEDPA §440(d) was not improperly retroactive when applied to *convictions* which occurred prior to enactment. However, the Court specifically reserved therein the question of whether it should apply to proceedings which had been commenced prior to that date, or to applications which had been previously filed. *Id.* at 306.

> On the merits, Requena argues that AEDPA § 440(d)'s limits on § 212(c) relief should not be triggered by convictions that predated AEDPA. [FN26]

> > FN26. Requena does not argue that AEDPA § 440(d) should not apply to deportation proceedings that were pending on the date it became effective. Although he contests the Attorney General's ruling in Soriano--which applied § 440(d) to § 212(c) petitions that were pending when AEDPA became effective--his argument is clearly limited to the contention that " § 440(d) of AEDPA may not be applied retroactively to conduct or events, in this case [Requena's] negotiated plea agreement and the resulting conviction, that pre-dated the date of enactment of AEDPA."

Therefore, these questions remain open in this judicial circuit.

2

The instant case is one of the series covered by the Court's prior decision in *Cantu-Salinas et al v. Trominski,* C.A. B-97-183. Although the Fifth Circuit has rejected the reasoning of that case, the alternative rationales presented herein are currently under consideration by that Court in the government's appeals from the decisions in that series of cases. *See, Cantu-Salinas et al v. Trominski*, No. 98-41325 (5ᵗʰ Cir.) and consolidated cases.

Furthermore, on July 18, 2000, the Attorney General published for notice and comment proposed regulations which would have the effect of rescinding her decision in *Matter of Soriano*, 21 I&N Dec. 516 (BIA 1997; AG 1998), in which she had concluded that AEDPA §440(d) was intended to apply to all cases pending at the time of enactment. 65 Fed.Reg. 44476-01, 2000 WL 978482. Various factors led the Attorney General to promulgate these proposed regulations, including "the reasoning of the courts that have rejected [the Attorney General's] construction of AEDPA section 440(d)." (Proposed Regulations at 44477). As stated therein, (*id.* at 44478):

> [T]he Attorney General proposes to acquiesce in the courts' conclusion, as a matter of statutory construction, that Congress intended that section 440(d) of AEDPA not be applied to deportation proceedings that had been commenced before AEDPA was enacted into law.

Should this reasoning be followed in the final regulations, it would clearly cover the instant case, which was commenced in 1987. (Petitioner's Exhibit C, herein incorporated by reference).

In the alternative, Mr. Sayas asserts that, as applied to him, AEDPA §440(d), in that it violates Equal Protection by maintaining §212(c) eligibility for individuals in exclusion proceedings, but

3

not for those in deportation proceedings. Because he was under an order of deportation at the time AEDPA was enacted, he could not have regained §212(c) eligibility by departing the country and seeking readmission, as opined in *Requena-Rodriguez, supra* at 309. To the contrary, his departure at that time would have constituted an abandonment of his appeal, and the deportation order would have been construed to have been executed. 8 C.F.R. §3.4. (1996).

WHEREFORE, it is respectfully urged that the Board's order of June 26, 2000, be vacated, and, since the issue of ineffective assistance of counsel has already been resolved by the BIA in his favor, that the case remanded to the BIA for further proceedings on Petitioner's request for §212(c) relief.

Respectfully Submitted,

Lisa S. Brodyaga, Attorney at Law          TX Bar # 03052800
17891 Landrum Park Road                    Federal Id # 1178
San Benito, TX 78586
(956) 421-3226

## VERIFICATION

I, Lisa S. Brodyaga, certify that I am familiar with the facts as stated above, and that they are true and correct to the best of my knowledge and belief.

## CERTIFICATE OF SERVICE

I certify that a courtesy copy of the foregoing, with Exhibits, was personally served on the Office of Lisa Putnam, SAUSA, 1701 Zoy St., Harlingen, Texas, this 2nd day of October, 2000.

4

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION


| RAMIRO SAYAS-AGUIRRE | ) | |
| | ) | |
| v. | ) | C.A. No.  B-00-150 |
| | ) | |
| E.M. TROMINSKI, INS DISTRICT | ) | |
|     DIRECTOR | ) | |
| | ) | |


EXHIBIT "A" IN SUPPORT OF PETITION
FOR WRIT OF HABEAS CORPUS

**U.S. Department of Justice**
Executive Office for Immigration Review

`Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

==================================================================

File:   A30 380 257 - Harlingen                     Date:

In re:  RAMIRO SAYAS-AGUIRRE                          JUN 2 8 2000

IN DEPORTATION PROCEEDINGS

MOTION/APPEAL

ON BEHALF OF RESPONDENT:  Lisa S. Brodyaga, Esquire

ON BEHALF OF SERVICE:     Tammy L. Fitting
                          General Attorney

CHARGE:

    Order: Sec.   241(a)(11), I&N Act [8 U.S.C. § 1251(a)(11)] -
                    Convicted of controlled substance violation


ORDER:

    PER CURIAM. The respondent is seeking to reopen proceedings based upon his contention that he did not receive proper notice of hearing due to the ineffective assistance of counsel. The respondent seeks to reopen proceedings so that he may pursue an application for relief from deportation under section 212(c) of the Immigration and Nationality Act. The motion will be denied.

    An alien seeking to reopen proceedings that concluded with an Immigration Judge's in absentia order of deportation must demonstrate reasonable cause for failing to appear for his hearing as required by 242(b) of the Act. The respondent argues on appeal that his failure to appear for his scheduled hearing was due to the ineffective assistance of his counsel. Specifically, the respondent contends that his attorney of record failed to inform him that he had a scheduled hearing which resulted in the order of deportation being entered in his absence.

    We have held that to satisfy a claim based upon ineffective assistance of counsel, an alien must support his claim by a detailed affidavit, inform his previous attorney of the allegations of misconduct and provide the attorney with an opportunity to respond, and state whether a complaint has been filed with the appropriate disciplinary authorities with respect to the attorney's alleged violation of ethical or legal responsibilities, and if not, why not. *Matter of Lozada*, 19 I&N Dec. 637

CutePDF - www.tezio.com

A30 380 257

(BIA 1988). Here, the applicant has submitted an affidavit supporting his claim of ineffective assistance, and attests to notifying both his previous attorney and the appropriate disciplinary authorities. In sum, we find that the applicant has satisfied a *Lozada* showing of ineffective assistance. *See Matter of N-K- & V-S-*, 21 I&N Dec. 879 (BIA 1997).

The respondent indicated that he seeks to reopen proceedings to pursue an application for relief under section 212(c) of the Act. We note that the respondent was charged as having been convicted of an "aggravated felony" which renders the respondent statutorily ineligible for a waiver under section 212(c) of the Act. *See Requena-Rodriguez v. Pasquarell*, 190 F.3d 299 (5th Cir. 1999). We find that in view of the abolition of section 212(c) relief for aliens in the respondent's category, he is unable to show that he was prejudiced by the Immigration Judge's decision even assuming arguendo that his counsel was ineffective. *Toscano-Gil v. Trominski*, 2000 WL 426215 at 15 (5th Cir. Apr. 20, 2000) (to prevail on claim of denial of due process in deportation proceedings, alien must demonstrate substantial prejudice). Accordingly, no purpose would be served by remanding the record as the respondent is statutorily precluded from seeking the requested relief.

For the reasons stated above, we find that although the respondent complied with the motion requirements under our decision in *Lozada, supra*, the motion must be denied.

<u>Neil P. Mill</u>
FOR THE BOARD

2

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION


RAMIRO SAYAS-AGUIRRE                    )
                                        )
v.                                      )    C.A. No.  B-00-150
                                        )
E.M. TROMINSKI, INS DISTRICT            )
      DIRECTOR                          )
_____)


EXHIBIT "B" IN SUPPORT OF PETITION
FOR WRIT OF HABEAS CORPUS

## UNITED STATES DEPARTMENT OF JUSTICE
### Immigration and Naturalization Service
#### 2102 Teege Avenue
#### Harlingen, Texas 78550

File No.: A30 380 257
Date: September 13, 2000

Ramiro SAYAS-Aguirre
624 SALVA TIERRA
Brownsville, TX 78520

As you know, following a hearing in your case you were found deportable and the hearing officer has entered an order of deportation. A review of your file indicates there is no administrative relief which may be extended to you, and it is now incumbent upon this Service to enforce your departure from the United States.

Arrangements have been made for your departure to ___Mexico___

on ___October 11, 2000___ from ___Brownsville, TX___ on the

___Surface Transportation___ .

You should report to a United States Immigration Officer at Room (Deportation)

2102 TEEGE AVENUE, HARLINGEN, TEXAS 78550,

at ___10:00 A.M. October 11, 2000___ completely ready for deportation. At

the time of your departure from Los Fresnos, TX you will be limited to

40 Lbs of baggage. Should you have personal effects in excess of

this amount you must immediately contact ___Mr. Refugio Huerta___

at ___(956) 427-8692___ or come in person at the address noted above,

and an appropriate disposition of your excess baggage will be discussed with you.

CERTIFIED  MAIL #
P 969 338 935

FORM I-166
(REV. 04/01/69)

Very truly yours,

E. M. Trominski
District Director

LISA BRODYAGA, ESQ
402 E. HARRISON, 2ND FLOOR
HARLINGEN, TX 78550

UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION


RAMIRO SAYAS-AGUIRRE              )
                                 )
v.                               )       C.A. No.  B-00-150
                                 )
E.M. TROMINSKI, INS DISTRICT     )
      DIRECTOR                   )
_____)


EXHIBIT "C" IN SUPPORT OF PETITION
FOR WRIT OF HABEAS CORPUS

# UNITED STATES DEPARTMENT OF JUSTICE
## Immigration and Naturalization Service          No.

## ORDER TO SHOW CAUSE, NOTICE OF HEARING, AND WARRANT FOR ARREST OF ALIEN

### In Deportation Proceedings under Section 242 of the Immigration and Nationality Act

UNITED STATES OF AMERICA:                    File No. A30 380 257

In the Matter of Ramiro SAYAS-Aguirre                      Respondent.
Correctional Corporation of America RR4 P.O. Box 125A
Laredo, Texas   78041

Address (number, street, city, state, and ZIP code)

UPON inquiry conducted by the Immigration and Naturalization Service, it is alleged that:

1. You are not a citizen or national of the United States;
2. You are a native of Mexico _____ and a citizen of Mexico _____;
3. You entered the United States at Brownsville, Texas _____ on or about September 15, 1970
4. At that time you were admitted as an immigrant;
5. You were convicted in January, 1987, in the U.S. District Court for the Southern District of Texas, Laredo Division, of the offense of unlawfully, knowingly, and intentionally possessing with intent to distribute a controlled substance under Schedule I of the Controlled Substance Act, to wit: approximately 61 pounds, of marijuana, in violation of Title 21, United States Code, Section 841(a)(1).

AND on the basis of the foregoing allegations, it is charged that you are subject to deportation pursuant to the following provision(s) of law:
Section 241(a)(11) of the Immigration and Nationality Act, in that, you have been convicted of a violation of any law or regulation of a State, the United States, or a foreign country relating to a controlled substance (as defined in section 102 of the Controlled Substance Act [21 U.S.C. 802]: to wit, possession with intent to distribute approximately 61 pounds, of marijuana, in violation of Title 21, United States Code, Section 841(a)(1).

WHEREFORE, YOU ARE ORDERED to appear for hearing before an Immigration Judge of the Immigration and Naturalization Service of the United States Department of Justice at _____
time and place to be scheduled
on _____ at _____ m, and show cause why you should not be deported from the United States on the charge(s) set forth above.

### WARRANT FOR ARREST OF ALIEN

By virtue of the authority vested in me by the immigration laws of the United States and the regulations issued pursuant thereto, I have commanded that you be taken into custody for proceedings thereafter in accordance with the applicable provisions of the immigration laws and regulations, and this order shall serve as a warrant to any Immigration Officer to take you into custody. The conditions for your detention or release are set on the reverse hereof.

Dated: 3/5/87   12:45pm

(signature and title of issuing officer)
Dennis J. Greenler
Assistant Chief Patrol Agent
Laredo, (City and State) Texas

Form I-221S (Rev. 8-1-77) Y          (over)

## NOTICE TO RESPONDENT

*IJ-2 E̅g*

### ANY STATEMENT YOU MAKE MAY BE USED AGAINST YOU IN DEPORTATION PROCEEDINGS

THE COPY OF THIS ORDER SERVED UPON YOU IS EVIDENCE OF YOUR ALIEN REGISTRATION
WHILE YOU ARE UNDER DEPORTATION PROCEEDINGS, THE LAW REQUIRES THAT IT BE
CARRIED WITH YOU AT ALL TIMES

If you so choose, you may be represented in this proceeding, at no expense to the Government, by an attorney or other individual authorized and qualified to represent persons before the Immigration and Naturalization Service. You should bring with you any affidavits or other documents which you desire to have considered in connection with your case. If any document is in a foreign language, you should bring the original and certified translation thereof. If you wish to have the testimony of any witness considered, you should arrange to have such witnesses present at the hearing.

At your hearing you will be given the opportunity to admit or deny any or all of the allegations in the Order to Show Cause and that you are deportable on the charge set forth therein. You will have an opportunity to present evidence on your own behalf, to examine any evidence presented by the Government, to object, on proper legal grounds, to the receipt of evidence and to cross examine any witnesses presented by the Government. Failure to attend the hearing at the time and place designated hereon may result in a determination being made by the Immigration Judge in your absence.

You will be advised by the Immigration Judge, before whom you appear, of any relief from deportation for which you may appear eligible. You will be given a reasonable opportunity to make any such application to the Immigration Judge.

### NOTICE OF CUSTODY DETERMINATION

Pursuant to the authority of Part 242.2, Title 8, Code of Federal Regulations, the authorized officer has determined that pending a final determination of deportability in your case, and, in the event you are ordered deported, until your departure from the United States is effected, but not to exceed six months from the date of the final order of deportation under administrative processes, or from the date of the final order of the court, if judicial review is had, you shall be:

☐ Detained in the custody of this Service.     ☐ Released on recognizance.

☒ Released under bond in the amount of $ 20,000.00

You may request the Immigration Judge to redetermine this decision.

☒ I do   ☐ do not request a redetermination by an Immigration Judge of the custody decision.

_____     3/5/87
(signature of respondent)                (date)

### REQUEST FOR PROMPT HEARING

To expedite determination of my case, I request an immediate hearing, and waive any right I may have to more extended notice.

_____     3/5/87
(signature of respondent)                (date)

### CERTIFICATE OF SERVICE

Served by me at ___Laredo, Texas___ on ___3/5/___ 19 87 at 1130 a m.

I-618 and Legal Services List Served.

_____ BPA
(signature and title of employee or officer)

PERSONAL SERVICE

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

Southern **DISTRICT OF** Texas

Ramiro Sayas-Aguirre

v.

E.M. Trominski
INS District Director

**SUMMONS IN A CIVIL ACTION**

**CASE NUMBER:** B-00-150

TO: (Name and Address of Defendant)

US Attorney
PO Box C 61129
Houston TX 77208

YOU ARE HEREBY SUMMONED and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Lisa Brodyaga, Attorney
REFUGIO DEL RIO GRANDE
17891 Landrum Park Road
San Benito, Texas 78586

an answer to the complaint which is herewith served upon you, within _____60_____ days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint.

CLERK

Michael N Milby, Clerk

BY DEPUTY CLERK

DATE  10-2-00

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

SOUTHERN —————— DISTRICT OF —————— TEXAS

*Ramiro Sayas-Aguirre*

v.

E.M. Trominski, INS District Director

## SUMMONS IN A CIVIL ACTION

CASE NUMBER: B-00-150

TO: (Name and Address of Defendant)

Hon. Janet Reno, United States Attorney General
950 Pennsylvania Ave. N.W. Suite 5111
Washington, D.C. 20530-0001

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

PLAINTIFF'S ATTORNEY (name and address)

Lisa S. Brodyaga, Attorney

Refugio Del Rio Grande
17891 Landrum Park Road
San Benito, TX 78586

an answer to the complaint which is herewith served upon you, within _____60_____ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

CLERK

Michael N Milby, Clerk

DATE 10-2-00

BY DEPUTY CLERK

AO 440 (Rev 1/90) Summons in a Civil Action

# United States District Court

SOUTHERN _____ **DISTRICT OF** _____ TEXAS

Ramiro Sayas - Aguirre

### SUMMONS IN A CIVIL ACTION

E.M. Trominski, INS District Director

CASE NUMBER: **B-00-150**

**TO:** (Name and Address of Defendant)

E.M. Trominski
2102 Teege
Harlingen,   Texas 78550

**YOU ARE HEREBY SUMMONED** and required to file with the Clerk of this Court and serve upon

**PLAINTIFF'S ATTORNEY** (name and address)
Lisa S. Brodyaga, Attorney

Refugio Del Rio Grande
17891 Landrum Park Road
San Benito, TX 78586

an answer to the complaint which is herewith served upon you, within _____ 60 _____ days after service of
this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken
against you for the relief demanded in the complaint.

**CLERK** _____

**DATE** 10-2-00

Michael N Milby, Clerk

**BY DEPUTY CLERK** _____